

# In the Court of Criminal Appeals of Texas

No. WR-93,452-03

EX PARTE JAMES MICHAEL FIELDS,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. B17234-0705-W3 in the 242nd District Court
From Hale County

YEARY, J., filed a concurring opinion, in which KELLER, P.J., and SLAUGHTER, J., joined.

Applicant was convicted in 2008 of two counts of aggravated sexual assault of a child and sentenced to sixty years' imprisonment. The Seventh Court of Appeals affirmed his conviction in 2010. *Fields v. State,* No. 07-08-0454-CR (Tex. App.—Amarillo Feb. 25, 2010) (not designated for publication).

Applicant filed this application for writ of habeas corpus in July 2022 in the county of conviction. Prior to this application, Applicant filed one application for writ of habeas corpus in December 2021 and a second application in April 2022. Both applications were dismissed as noncompliant. In this application, Applicant alleges ineffective assistance of counsel, actual innocence due to new medical studies, an ex post facto violation, due process violations, and equal protection violations. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's appeal was finalized in 2010, but his first noncompliant writ application was not filed until 2021, and his first compliant writ application was not filed until twelve years after his appeal was final.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.


**FILED:**                                    September 28, 2022
**DO NOT PUBLISH**